IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR ROY MORRISON | § | |
| (TDCJ No. 1492042), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-3221-N-BN |
| | § | |
| KAITLIN COSTILLO, FBI, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the petition for mandamus relief as frivolous.

**Background**

Petitioner Arthur Roy Morrison, a Texas prisoner, has filed *pro se* a petition for writ of mandamus, requesting that the Court compel the Federal Bureau of Investigation (the "FBI") to investigate the fraud that he alleges was perpetrated upon him through the adjudication of his application for a 28 U.S.C. § 22254 writ of habeas corpus. *See Morrison v. Stephens*, No. 3:12-cv-4916-N-BH (N.D. Tex.); *see also Morrison v. Thaler*, No. 3:12-cv-4916-N (BH), 2013 WL 1453605 (N.D. Tex. Mar. 11, 2013), *rec. adopted*, 2013 WL 1420995 (N.D. Tex. Apr. 9, 2013), *C.O.A. denied*, No. 3:12-cv-4916-N-

BH, Dkt. No. 119 (N.D. Tex. Nov. 12, 2013).

Petitioner filed numerous post-judgment motions in his Section 2254 action, but his direct appeal was dismissed recently for failure to prosecute. *See* No. 3:12-cv-4916-N-BH, Dkt. No. 159. Notably, moreover, the United States Court of Appeals for the Fifth Circuit denied his petition for a writ of mandamus in which he "argue[d] that the magistrate judge and the district court committed perjury by making wrong rulings in his [Section] 2254 proceedings." *See In re Morrison*, No. 15-10405 (5th Cir. June 16, 2015) (per curiam).

## Legal Standards

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or, instead, detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b); *see, e.g., Bazemore v. Abbott*, 423 F. App'x 398, 399 (5th Cir. 2011) (per curiam) (finding "without arguable merit and ... thus frivolous" the appeal of the district court's dismissal of a federal prisoner's action against the FBI as malicious under Section 1915A(b)(1)).

An action is frivolous if it lacks an arguable basis in either law or fact. *See*

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). Therefore, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that

-3-

a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____,

135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

## Analysis

Petitioner "does not have a legal right to demand that the FBI investigate his,

or any, complaint." *James v. Giddens*, Civ. A. No. 14-364-SDD-SCR, 2015 WL 5437345,

at *2 (M.D. La. Sept. 14, 2015) (concluding that, there, the federal prisoner's "case

should be dismissed as frivolous under 28 U.S.C. § 1915A because it clearly 'lacks an

arguable basis in either law or fact'" (quoting *Neitzke*, 490 U.S. at 325)); *see Keelen v.

F.B.I.*, 78 F. App'x 389, 390 (5th Cir. 2003) (per curiam) ("A writ of mandamus is not

available to review the discretionary acts of officials. *Giddings v. Chandler*, 979 F.2d

1104, 1108 (5th Cir. 1992). The FBI's decision to investigate a complaint is a

discretionary decision. *See* 28 U.S.C. § 535(a).").

In *James*, the court relied on *Wrightman-Cervantes v. Mueller*, 750 F. Supp. 2d

76 (D.D.C. 2010), in which United States District Judge John D. Bates held that

> "[it] is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Secretary of Labor*, 739 F. Supp. 28, 30 (D.D.C.1990). Under 28 U.S.C. § 535(a), the FBI "may investigate" certain crimes involving a Government official or employee; but it is not required to investigate every complaint filed. *See William van Allen v. Janet Reno*, No. 99-cv-1849, 2000 U.S. Dist. LEXIS 19128, at *4 (N.D.N.Y. Dec. 18, 2000) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)) (finding that a private citizen cannot compel a government agency such as the Department of Justice or the FBI to open an investigation of alleged criminal activities); *Gant v. FBI*, 992 F. Supp. 846, 848 (S.D. W. Va.1998). Several courts have held that the FBI's decision to investigate is a discretionary act, not a mandatory one, *see Agunbiade v. United States*, 893 F. Supp. 160, 163 (E.D.N.Y. 1995), and hence have denied mandamus relief where a plaintiff sought to compel the FBI to investigate a claim of alleged criminal activity, *see Tyler v. U.S. Attorney*, No. 8:07CV361, 2007

WL 3028420, at *1-*2 (D. Neb. Oct. 16, 2007) (dismissing mandamus petition to compel the FBI to investigate and pursue criminal charges for tax collection); *van Allen*, 2000 U.S. Dist. LEXIS 19128, at *4-*5 (dismissing mandamus petition to compel FBI to conduct a criminal investigation); *Gant*, 992 F. Supp. at 848 (dismissing mandamus petition seeking to order FBI to investigate his complaint that he was drugged against his will and kidnapped); *Whittle v. Moschella*, 756 F. Supp. 589, 597 (D.D.C.1991) (dismissing mandamus petition to compel FBI to investigate a family member's death). Also, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General," and mandamus relief cannot be sought in order to control the exercise of this discretion. *Powell v. Katzenbach*, 359 F.2d 234 (D.C. Cir. 1965) (per curiam); *see also McCabe v. Thornburg*, No. 90-5348, 1991 U.S.App. LEXIS 25419, at *1 (D.C. Cir. Aug. 6, 1991) (per curiam).

*Id.* at 81 (some citations modified).

Because the Court cannot compel the FBI to undertake Petitioner's desired investigation, his mandamus petition lacks an arguable basis in law and should be dismissed as frivolous under Section 1915A.

## Recommendation

The Court should summarily dismiss the petition for mandamus relief as frivolous.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 7, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE